IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DESIGN-BUILD CONCEPTS, INC.,
    Plaintiff,

v.                                      CASE NO.: 3:06cv558/MCR/MD

JENKINS BRICK COMPANY, et al.,
    Defendants.

_____

**O R D E R**

      This cause is before the court upon plaintiff's motion to compel Continental Cast Stone Manufacturing, Inc. to permit entry upon land for inspection (doc. 66).  Before the court rules on this matter, Continental Cast Stone Manufacturing, Inc. shall have the opportunity to respond, and the parties shall then take steps to attempt to resolve their dispute.

      In the court's experience, the great majority of discovery disputes arise when one or both sides exhibit (1) failure to grasp, or disdain for, the law, the rules, or the facts, (2) lack of professionalism, (3) lack of civility, (4) refusal to extend common courtesy to a fellow professional (and therefore to the court), (5) bad faith, or (6) some or all of the above, which generally manifests itself in the now all too common, but absolutely intolerable, take-no-prisoners, scorched earth arrogance exhibited by many present day self-styled "litigators."  Indeed, it is sad to say, but nonetheless true, that it is very rare for this court to see a truly justiciable discovery issue requiring thoughtful consideration and resolution by the court which the parties have tried to resolve in good faith.  The following

procedure applies to this dispute because on initial review it appears that this is the garden variety type and may possibly have arisen for the reasons stated above.

Accordingly, the parties are ordered to proceed as follows:

1. Counsel will immediately provide a copy of this order to their respective clients.

2. Continental Cast Stone Manufacturing, Inc. shall respond to the plaintiff's motion on or before Thursday, June 28, 2007 (the response date) by electronic filing.

3. Unless they are able to completely resolve the issues raised in the motion without meeting, lead counsel or attorneys with full authority to make decisions will, no later than the fifth workday after the response date, meet personally or by video conference and in good faith attempt to resolve or narrow the dispute. If counsel cannot agree on a location for the meeting, the meeting will be held at 8:00 a.m. on the fifth workday after the response date in the witness room outside Courtroom 3 North, at the United States Courthouse in Pensacola, Florida. If the attorneys meet at the Courthouse, only lead counsel and their clients (if desired) will attend. No later than two workdays thereafter, the parties will jointly file the results of their discussion, including all agreements, undertakings, promises and/or concessions, and will specifically identify any issues that remain for determination by the court, without argument.

4. If the matter is fully resolved, the court may or may not ask for briefs on the appropriateness of sanctions. If the matter is not fully resolved, the court will either (1) rule on the motion without further argument or (2) schedule a hearing at a time set by the court, usually late on a Friday soon after the filing of the results report.

5. If the court rules, with or without a hearing, the party prevailing overall, as determined by the court, will be awarded its costs and expenses, including, but not limited to, (1) the time required to file its pleadings, travel to and discuss resolution, and, if necessary, prepare for, travel to, and attend the hearing, and (2) the actual cost of court reporting, travel, sustenance and accommodations for all of the above. The costs will be paid by the non-prevailing attorney and not charged to the client unless counsel provides written proof that the client insisted on going forward against counsel's advice.

6. In the unlikely event this turns out to be one of those rare cases involving a truly justiciable issue, such as a case of first impression, the court may not impose sanctions. The court will decide whether that criterion is met.

Finally, counsel are advised that in my thirty-three years as a civil trial lawyer and judge I have seen it all and have heard it all.  I am well aware that abuse of the legal process most often occurs during discovery, and that lawyers do things during discovery that they would not dream of doing if a judge were present.  Consequently, I will not consider half-baked arguments, lame excuses, delays caused by the client, mud slinging, passing the buck, pointing fingers, blaming support staff, or, particularly, lack of time.  If you are too busy to take care of your obligations you should reduce your caseload.

I do not favor either fishing expeditions or questions and requests unlimited in time or place.  Neither do I favor objections to discovery based on the usual boilerplate, such as totally unsupported claims that the information sought is irrelevant, confidential or is unlikely to lead to discoverable evidence.  Finally, you should not assume that I will buy your argument that a common English word is "vague" or "overbroad."

In short, before you tell me that I need to rule on your dispute, you must be sure you have exhausted every possibility of resolving it, and you are well advised to be sure you are right.

DONE AND ORDERED at Pensacola, Florida this 26th day of June, 2007.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE